**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04102-NYW

ILIA GELASHVILI,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition"). [Doc. 1]. Respondents filed a consolidated Response to the Petition on September 11, 2026, stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 9]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

**BACKGROUND**

Petitioner Ilia Gelashvili ("Petitioner" or "Mr. Gelashvili") is a citizen of the Republic of Georgia who entered the United States in November of 2023. [Doc. 1 at ¶ 1]. Upon entry, "Respondents released him on his own recognizance." [*Id.* at ¶¶ 3, 21]. Mr. Gelashvili has valid employment authorization and a pending application for asylum and withholding of removal. [*Id.* at ¶¶ 1, 24–26]. On or about August 19, 2026, immigration

officers arrested Mr. Gelashvili while he was working as a commercial driver. [*Id.* at ¶ 31]. He was detained without a warrant or custody determination hearing, and is currently detained at the Denver Detention Facility in Aurora, Colorado. [*Id.* at ¶¶ 32–35].

Mr. Gelashvili asserts four claims for relief: (1) violation of his Fifth Amendment due process rights; (2) violation of the Immigration and Nationality Act, 8 U.S.C. §§ 1226(a) and 1357(a)(2), and implementing regulations; (3) violation of the Administrative Procedure Act; and (4) violation of his Fourth Amendment right to be free of unreasonable seizure. [*Id.* at ¶¶ 62–69]. He asks the Court to order Respondents to immediately release him from custody or, in the alternative, provide him with an individualized bond hearing. [*Id.* at 20–21]. He also asks for "reasonable attorney's fees and costs under the Equal Access to Justice Act." [*Id.* at 21].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). *See* [Doc. 1 at ¶¶ 3, 21, 40–41; Doc. 9 at 1 (Respondents conceding that they "are not submitting a brief in opposition to the Petition" and therefore not disputing Petitioner's assertion that § 1226(a) governs his detention)]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

However, as Mr. Gelashvili points out, § 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." [Doc. 1 at ¶ 3]; *see also* 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302

("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

Without a warrant, however, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp.

3d 1, 30–31 (D.D.C. 2025).[1] Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

The record before the Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition, which is verified by Petitioner's counsel, alleges that "[o]n information and belief, no valid warrant authorized [Mr. Gelashvili's] arrest." [Doc. 1 at ¶ 3 (alleging that Respondents have not produced a warrant and have not answered counsel's request for the arrest records)]. Respondents do not address this issue at all in their Response and do not attach any warrant. *See* [Doc. 9]; *see also* [Doc. 10 at 2 (observing that Respondents "do not dispute that Petitioner was arrested without the warrant Section 1226(a) requires")]. They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. § 1226(a) when arresting and detaining Petitioner. The Petition is therefore respectfully **GRANTED** as to Petitioner's second claim. The Court will order

[1] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

Mr. Gelashvili released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3). Having granted Petitioner his requested relief, the Court need not reach Petitioner's other claims.[2]

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**;

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) On or before **September 25, 2026**, the Parties **SHALL FILE** a joint status report confirming that Petitioner was released.

DATED: September 18, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

[2] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 21]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.